Filed 9/18/24  P. v. Sigmund CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER SIGMUND,<br><br>    Defendant and Appellant.</td><td>H051837<br>(Santa Cruz County<br> Super. Ct. Nos. F19709, F20357)</td></tr>
</table>

**THE COURT[1]**

Peter Sigmund challenges an order denying his motion to modify sentence and to vacate the court-ordered restitution fines pursuant to Assembly Bill No. 1869 and Penal Code section 1465.9.[2]  For the reasons set forth below, we affirm the order.

**I.  PROCEDURAL BACKGROUND[3]**

In 2011, the Santa Cruz County Superior Court convicted Sigmund by plea in two separate actions.  In case number F19709, he was convicted of six counts of lewd acts with a child (§ 288, subd. (a), counts 1-6, 8, 10-11), two counts of employment or use of a minor to perform prohibited acts (§ 311.4, subd. (c), counts 12-13), and one count of possession or control of matter depicting a minor engaging in or simulating sexual

_____

[1] Before Greenwood, P. J., Grover, J., and Danner, J.

[2] Undesignated statutory references are to the Penal Code.

[3] We omit the facts of the offense as they are not relevant to the analysis and disposition of the appeal.

conduct (§ 311.11, subd. (a), count 14). In case number F20357, he was convicted of two counts of distributing lewd materials to a minor (§ 288.2, subd. (a), counts 2, 6) and two counts of lewd acts with a child (§ 288, subd. (a), counts 3, 4).

The trial court sentenced Sigmund to serve an aggregate 25-year prison term. In case number F19709, the court ordered him to pay $5,000 in restitution fines pursuant to section 1202.4, subdivision (b), payable forthwith pursuant to section 2085.5, $5,000 in restitution fines pursuant to section 1202.45, subdivision (b), suspended unless parole was revoked, and $7,841 in restitution pursuant to section 1202.4, subdivision (f), payable directly to the specified victims. In case number F20357, the court ordered him to pay $960 in restitution fines pursuant to section 1202.4, subdivision (b), payable per section 2085.5, $960 in restitution fines pursuant to section 1202.45, subdivision (b), suspended unless parole was revoked, and $75 in restitution pursuant to section 1202.4, subdivision (f), payable directly to the specified victims. The court did not impose an administrative fee under section 1202.4 or 2805.5 for the collection of any of the restitution fines.

In 2023, Sigmund filed a motion to modify his sentence and vacate the restitution fines. He argued that the restitution fines were no longer enforceable under section 1465.9. He also claimed that the trial court imposed the fines without determining his ability to pay as required by Government Code section 13967 et seq., and violated his Fifth and Fourteenth Amendment due process rights in doing so.

The trial court denied Sigmund's request to vacate or modify the restitution fines. It determined that section 1465.9 did not list the restitution fines under section 1202.4, subdivision (b) as unenforceable or uncollectible. It found that the victim restitution fines were not subject to an ability to pay finding pursuant to section 1202.4, subdivision (g).[4]

---

[4] At the time of sentencing, section 1202.4, subdivision (g) provided, "The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not

Finally, it ruled that Sigmund had forfeited any challenge to the restitution fines imposed at the time of sentencing based on ability to pay, and included a general reference to *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [addressing forfeiture in sentences imposing restitution fines prior to 2019].

On appeal, counsel filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We notified Sigmund that he could file a supplemental brief on his own behalf, and that failure to do so would result in the dismissal of the appeal as abandoned. (*Id.* at p. 232.) Sigmund filed a timely supplemental brief.

## II. DISCUSSION

In his supplemental brief, Sigmund contends that California Assembly Bill No. 1869 (2019-2020 Reg. Sess.) reflects the Legislature's intent to render unenforceable and uncollectible the restitution orders entered by the trial court in his case. He claims the trial court erred in finding that section 1465.9 does not apply to the restitution at issue in his cases. Sigmund further contends the trial court erred in finding that the restitution fines were not subject to an ability to pay finding, and that he forfeited any such challenge when he failed to raise it at the time of sentencing.

Sigmund does not raise any arguable issues on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Effective July 1, 2021, Assembly Bill No. 1869 abrogated the authority of courts to impose and collect 23 different court-imposed costs, by adding section 1465.9 to the Penal Code, and section 6111 to the Government Code. (Stats. 2020, ch. 92, §§ 11, 62.) The Legislature then passed Assembly Bill No. 177, which took effect on January 1,

---

be considered a compelling and extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of a restitution order." (Stats. 2011, ch. 358, § 1.)

2022. Prior to the enactment of Assembly Bill No. 177, sections 1202.4, subdivision (l), and 2085.5 permitted the imposition of various administrative fees associated with the collection of the restitution fine. Assembly Bill No. 177 repealed and then re-enacted section 1202.4, eliminating former subdivision (l), which authorized county administrators to impose an administrative fee to cover the costs of collecting the restitution fine. (Stats. 2021, ch. 257, §§ 19, 20.) Assembly Bill No. 177 also repealed the administrative fees that could be imposed pursuant to section 2085.5, but left intact the provisions allowing prison and jail administrators to deduct a percentage of wages earned by inmates as payment of restitution fines. (Compare Stats. 2016, ch. 718 [former § 2085.5, subd. (e)] with Stats. 2021, ch. 257, § 37.) Finally, Assembly Bill No. 177 amended section 1465.9 to render unenforceable and uncollectible the balance of any court-imposed costs under sections 1202.4 and 2085.5. (Stats. 2021, ch. 257, § 35.)

Here, the court did not impose any administrative fees or costs related to the collection of the restitution it ordered Sigmund to pay. The abstracts of judgment indicate that the court imposed, between the two actions, $5,960 in restitution fines under section 1202.4, subdivision (b), and $7,916 in restitution under section 1202.4, subdivision (f), both of which, under section 2085.5, may be collected by deducting from the wages and trust account of a prisoner. (§ 2085.5, subds. (a), (c).) That procedure remains valid and unaffected by Assembly Bill No. 1869 and Assembly Bill No. 177. In Assembly Bill No. 1869, the Legislature set forth its intent "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) The restitution orders at issue in Sigmund's case do not include administrative fees. Accordingly, Sigmund's contentions regarding the effect of Assembly Bill No. 1869 on his restitution fines are not arguable.

4

Nor has Sigmund raised an arguable issue regarding the trial court's alleged failure to consider his ability to pay in ordering him to pay the restitution fines. Sigmund does not address in his supplemental brief the trial court's determination that he forfeited any available challenge to those fines imposed at the time of sentencing based on his ability to pay. While this court is required to evaluate the specific arguments Sigmund presented in his supplemental brief, we are not required to independently review the record to identify unraised issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Thus, even if he is correct that he was entitled to a hearing on his ability to pay, or that the trial court failed to hold such a hearing at the time of sentencing, he has not raised any argument concerning the trial court's ultimate determination that he had forfeited any challenge on that basis.

Because Sigmund raises no arguable issue in his supplemental brief, we must affirm the order denying his motion to vacate the restitution fine. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

### III.  DISPOSITION

The January 23, 2024 orders denying the motion to modify sentence and to vacate restitution fine are affirmed.